NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 08-CV-286-JBC

TERRY L. MULLINS                                                                                          PLAINTIFF

VS:                           **MEMORANDUM OPINION AND ORDER**

CITY OF JACKSON, et al.                                                                           DEFENDANTS

\*\*\*\*    \*\*\*\*    \*\*\*\*

Terry L. Mullins, who is incarcerated in the Powell Country Jail, in Stanton, Kentucky, has submitted a *pro se* complaint, purportedly pursuant to 42 U.S.C. § 1983, and has been granted permission to proceed *in forma pauperis* by separate Order.

The complaint is now before the court for screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is

frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that despite notice that he was in danger from an armed third party, police did not try to recover the firearm or protect him, with the result that one officer held him while the third party shot him. The Court liberally construes the plaintiff's allegations to claim that the defendants were deliberately indifferent to his safety and/or were negligent in their duties

## DEFENDANTS

As the defendants, the plaintiff has named: (1) the City of Jackson, Kentucky; (2) the Jackson Police Department; (3) Jackson Police Officer John Marshall; (4) Jackson Police Chief Clyde Caudill; (5) Jackson Police Officer Jeff Noble; (6) Jackson Police Officer Thomas Miller; and (7) Kentucky State Police Officer Scott Sandlin.

## RELIEF REQUESTED

Plaintiff seeks damages.

## ALLEGATIONS

Plaintiff alleges that in the week before January 24, 2008, he reported to the Jackson Police Department and the Kentucky State Police that a man named Christopher J. Crank had stolen his .38 caliber hand gun. Further, Crank had made threats that he would shoot Mullins. On January 23rd, Plaintiff even had the ex-mayor

of Jackson call Defendant Officer Thomas Miller about recovering the firearm. However, no one attempted to recover the gun or protect Mullins's life.

On January 24, 2008, after the Plaintiff pulled up beside Defendant Officer John Marshall in his car and sat talking to the officer, Crank arrived, blocked Mullins's exit from his parking spot, and pointed the gun at him. First, the Plaintiff drove his car into Crank's; and then he got out of his car and into the back seat of Crank's car, where the two men fought.

Plaintiff alleges that Officer Marshall pulled "me from the car holding me by the belt and left arm." At this point, while Mullins was restrained, Crank was able to shoot Mullins with the .38. Plaintiff adds that Marshall "has very bad eyes. He was unable to see [the] firearm. His eyes stop him from safely doing his job." Mullins was seriously injured, spent 5 days in the hospital, and claims that he will need medical attention for the rest of his life.

## DISCUSSION

Plaintiff has named seven defendants, two of which are governmental entities. However, governments and their supervisory personnel are not liable for every misdeed of their employees and agents. *Garner v. Memphis Police Dept.*, 8 F.3d 358, 363 (6th Cir. 1993). It is only when execution of a government's policy or custom inflicts an injury that the government or governmental supervisor is responsible under § 1983. *Id.* As the City of Jackson and the Jackson Police Department are not alleged to have

3

a policy or custom which injured Plaintiff, they are entitled to dismissal from this lawsuit.

Plaintiff's allegations fail to assert that three of the named defendants, Caudill, Noble and Sandlin, were personally involved in any complained-of action or inaction. *See Taylor v. Mich. Dept. of Corrections*, 69 F.3d 76 (6th Cir. 1995); *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979). Nor can Plaintiff recover against these three defendants on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

To the extent these three defendants are supervisors, "the law is clear that liability of supervisory personnel must be based on more than merely the right to control." *Hayes v. Jefferson County, Kentucky*, 668 F.2d 869, 872 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 421. In order prove them liable for damages, a plaintiff must allege that the supervisors condoned, encouraged or participated in the alleged misconduct. *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d at 421); *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). As there are no such allegations against Defendants Caudill, Noble or Sandlin, they are entitled to dismissal.

Two named defendants remain and they are Jackson Police Officers. Miller is alleged to have had actual knowledge of the danger to the plaintiff the day before the

4

shooting, and Marshall purportedly held onto Mullins so as to make him vulnerable to Crank's shooting him. They will be summoned to respond to the allegations made by the Plaintiff.

Finally, to the extent that Plaintiff's allegations are construed as claims of negligence on the part of the defendants, he is advised that negligence is a state tort. The trial court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, if the federal claims against the defendants should be dismissed later, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).

## CONCLUSION

The Court having screened the allegations of the Plaintiff and having liberally construed his claims, **IT IS ORDERED** as follows:

(1) The following defendants in this action are dismissed, *sua sponte*, without prejudice: City of Jackson, Kentucky; Jackson Police Department; Clyde Caudill; Jeff Noble; and Scott Sandlin.

(2) The Clerk of the Court is directed to prepare summons for Jackson Police Officers John Marshall and Thomas Miller, in their personal and official capacities.

(3) The divisional Clerk shall also prepare as many copies of the complaint as there are summonses and any required United States Marshals Service ("USMS") Form

285. If insufficient information exists to sufficiently or effectively complete any summons or USMS Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USMS Form 285 or any other documents necessary to effectuate service.

(4) After the Lexington Clerk's office has prepared the summonses, USMS Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington, Kentucky.

(5) The Lexington Deputy Clerk making the delivery referenced in paragraph (4) to the United States Marshal Service's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered into the instant record by the Clerk.

(6) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on each named defendant and shall do so by personal service or by certified mail, return receipt requested, at the option of the Marshals Service.

(7) The USMS Office is responsible for ensuring that each Defendant is successfully served with process, as set out in Federal Rule of Civil Procedure 4. In the event that an attempt at service upon any Defendant is unsuccessful, the USMS Office shall make further attempts and shall ascertain the name and address of the

agent for service of process or other such information as is necessary to ensure successful service.

(8) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(9) The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(10) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

(11) The Clerk is directed to serve a copy of this Order upon the Jailer/Warden of the institution in which the prisoner is currently confined and upon the Office of General Counsel for the Kentucky Department of Corrections in Frankfort, Kentucky.

Signed on August 4, 2008

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCY